IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE A. KING,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. JOHN DOE, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 10-573 (JBS/AMD)<br><br><br>**OPINION** |

APPEARANCES:

Wayne A. King
SBI# 274612
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947
     Plaintiff Pro Se

Ryan P. Connell, Esq.
DEPUTY ATTORNEY GENERAL
STATE OF DELAWARE DEPT. OF JUSTICE
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, Delaware 19801
     Attorney for the Defendants N. Hollingsworth and John Spray

**SIMANDLE**, District Judge:


# I. INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim.  [Docket Item 19.] Plaintiff, Wayne A. King proceeding pro se, is an inmate in the custody of the Delaware Department of Corrections.  Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against

Defendants N. Hollingsworth and John Spray[1], both sergeants at the James T. Vaughn Correctional Center (JVTCC). [Docket Item 2.] Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that (1) Plaintiff failed to exhaust all available administrative remedies before initiating his complaint under 42 U.S.C. § 1983, and (2) Defendants are shielded from suit by qualified and Eleventh Amendment immunity doctrines.

For the reasons set forth below, the Court will convert Defendants' Rule 12(b)(6) motion to a motion for summary judgment under Rule 56 with respect to the exhaustion issue only, and Plaintiff will have twenty-one (21) days to adduce admissible evidence in opposition to the motion, which demonstrates his exhaustion of administrative remedies in accordance with § 1997(e). At this stage, the Court will not address the immunity arguments raised by Defendants in support of dismissal.

## II. BACKGROUND

### A. Allegations in the Complaint

Plaintiff brings this civil action, pursuant to 42 U.S.C. § 1983, against Sgt. John Spray and Sgt. N. Hollingsworth, Correctional Sergeants with the Delaware Department of Corrections. As Defendants move to dismiss pursuant to Fed. R.

_____

[1] This Defendant was initially identified as Sgt. John Doe; however, Plaintiff subsequently amended his Complaint to reflect this individual's identity as Sgt. John Spray.

Civ. P. 12(b)(6), the Court must, at this stage, take all facts alleged by the Plaintiff as true. Plaintiff alleges the following facts:

On July 8, 2008 Plaintiff was being held at the JVTCC for a probation violation. (Compl. 3.) Upon his arrival at the facility, King informed the sergeant on duty in the "receiving" department, Defendant Sgt. Spray, that he had an "ongoing problem" with another inmate. (Id.; Amend. Compl. 1.) King asked to speak to a lieutenant about safety concerns and the possibility of being moved to a "safe environment away from" the inmate with whom King had a conflict. (Compl. 3.) Sgt. Spray denied this request, telling King that he "would be fine because that inmate was on the compound."[2] (Id. at 3.) King persisted, explaining to Sgt. Spray that the threatening inmate's affiliations with the Bloods street gang meant that this inmate had "allies" among the pre-trial population. (Id.) Plaintiff alleges that these fears were "brushed off" and that he was placed among the pre-trial population despite his safety concerns. (Id. at 3, attach.)

Two days later, on July 10, 2008, while in the yard of the facility, King was attacked by two fellow inmates. (Id. at attach.) There were no guards present in the yard at the time

---

[2]

Plaintiff does not explain his meaning in using the term "the compound," but the Court interprets him to mean that the inmate was being held in a different portion of the facility.

of the assault, so third-party inmates "banged on the door,"
alerting officers to the attack and to King's subsequent
injuries.  (Id.)  King was taken to the JVTCC infirmary and
provided medical attention. (Id.)  King notes that he was later
moved to a "safe environment" where he posted bail. (Id.)

At the time of the attack, King alleges Defendant Sgt.
Hollingsworth was supervising the unit.  (Id.)  No officer was
present in the yard, although King claims that a guard should
have been present in that location at the time of his attack.
(Id.)

The nature of King's claim is not entirely clear from his
Complaint.  However, the Court construes his claim as a failure-
to-protect claim arising under the Due Process Clause of the
Fourteenth Amendment.[3]  The allegations suggest that Defendants'
failure to heed the danger to King's safety and adequately
protect him from attack while in custody violated King's liberty
interest in his personal security and well-being.  King seeks an
unspecified sum in compensatory damages and plaintiff's costs.
He also seeks injunctive relief ordering Defendants to "take more

---

[3]
Although the Complaint does not clearly delineate the nature of
the claim, Plaintiff characterizes the allegation in his brief in
opposition to this motion as a deliberate indifference claim
arising under the Eighth Amendment.  Because the pleadings suggest
that Plaintiff was a pre-trial detainee rather than a sentenced
prisoner at the time of the events described in the Complaint,
however, the Fourteenth Amendment rather than the Eighth Amendment
will apply. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir.
2005).

steps to ensure an inmate's safety and well-being while incarcerated."  (<u>Id.</u> at 3.)


**III. DISCUSSION**

**A. Standard of Review**

In assessing the sufficiency of a <u>pro se</u> complaint, the Court must be mindful that "however inartfully pleaded," a <u>pro se</u> complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (internal quotations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court is not required, however, to accept "bald assertions" or "legal conclusions" pleaded in a <u>pro se</u> complaint.  <u>Id.</u>

In addition, pursuant to Fed. R. Civ. P. 8(a)(2), a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court, in its decisions in <u>Ashcroft v. Iqbal</u> and <u>Bell Atlantic Corp. v. Twombly</u>, has identified two working principles underlying the failure to state a claim standard: first, the

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009). Indeed, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

Second, a complaint must state a plausible claim for relief in order to survive a motion to dismiss; where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Id. To prevent a dismissal, therefore, civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948.

After Iqbal and Twombly, the Third Circuit now requires that a district court presented with a motion to dismiss conduct a two-part analysis set forth in Iqbal: first, the factual and legal elements of a claim should be separated. The district court must accept all the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Iqbal, 129 S. Ct. at 1949-50. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. This "plausibility" determination will be "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." Id.

**B. Exhaustion of Administrative Remedies Claim**

Defendants argue that dismissal of Plaintiff's Complaint is appropriate because Plaintiff has failed to exhaust his administrative remedies, as required before initiating a lawsuit under 42 U.S.C. § 1983.

Pursuant to 42 U.S.C. § 1997(e), part of the Prison Litigation Reform Act (PLRA), a prisoner may not bring a suit under § 1983 with respect to prison conditions "until such administrative remedies as are available are exhausted." Indeed, "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion is mandatory even where the inmate believes administrative remedies would be ineffective or where the available administrative process does not allow for the desired remedy. Booth v. Churner, 532 U.S. 731, 739-41 (2001). The Third Circuit has recognized that the procedures outlined in a prison's administrative grievance policy determine whether an inmate has exhausted his administrative remedies because there "is no express federal law describing the procedural requirements with which prisoners must comply in satisfying § 1997e(a)'s exhaustion requirement." Spruill v. Gillis, 372 F. 3d 218, 231 (3d Cir. 2004).

While Defendants' argument that Plaintiff must have exhausted administrative remedies before seeking relief has merit, it is generally unavailing in the context of a Fed. R. Civ. P. 12(b)(6) motion. Failure to exhaust is an affirmative defense under the PLRA and, consequently, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. at 216; see, e.g., Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that inmate was not required to allege that he had exhausted all administrative remedies in his complaint to survive dismissal).

However, while pleading exhaustion of administrative remedies is not required, the Third Circuit has declined to "suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases." Ray v. Kertes, 285 F.3d at 295 n.8; see Flight Sys., Inc. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997) ("On a Rule 12(b)(6) motion, an affirmative defense. . . is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff.").

In the present case, taking the facts alleged in the Complaint as true, there does not appear to be an insuperable barrier to recovery evident on the face of the pleadings. Plaintiff has not, in this case, stated in the Complaint that he failed to exhaust administrative remedies available to him. See, e.g., Ball v. SCI Muncy, No. 09-1177, 2010 WL 2600728 at 213 (3d

Cir. June 30, 2010) (affirming district court's dismissal of Plaintiff's claims where Plaintiff "conceded, on the face of her Complaint, that she had not completed the grievance process at the prison").  On the contrary, even given that he was not required to plead exhaustion, the Complaint nonetheless appears to allege that Plaintiff did, in fact, fully exhaust all available administrative remedies.  On the second page of the form complaint, under a section entitled "Exhaustion of Administrative Remedies," Plaintiff checked "Yes" in response to the question: "Have you fully exhausted your available

administrative remedies regarding each of your present claims?"[4]

(Compl. 2.)

Defendants challenge the veracity of Plaintiff's claim to
have fully exhausted all available administrative remedies,
attaching to the motion to dismiss two documents relating to
matters outside the pleadings.[5]  When considering a motion to
dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court
generally relies only upon "the complaint, attached exhibits, and

---

[4]
Notably, the Complaint is not entirely clear regarding the extent
to which Plaintiff claims to have exhausted available
administrative remedies.  While Plaintiff checked "Yes" in response
to the question as to whether he had exhausted administrative
remedies, when asked to detail steps taken to exhaust grievance
procedures, Plaintiff wrote on the form only: "Filed a grievance."
(Compl. 2.)  When asked to explain the result of steps taken,
Plaintiff wrote: "Was told by Lt. Savage and Lt. Peck that incident
would be handled by internal affairs." (Id.)  Plaintiff does not
detail additional steps taken to appeal unsatisfactory grievance
decisions, in accordance with grievance procedures.  See Spruill v.
Gillis, 372 F. 3d at 231 (looking to state prison grievance
procedures to serve as the guide for whether an inmate has
exhausted his administrative remedies).  However, given that it is
not evident from the face of the pleadings that the failure to
exhaust affirmative defense presents an insuperable barrier to
Plaintiff's recovery, the affirmative defense raised here is not
properly considered on a motion to dismiss.  The Court notes,
however, that if the steps taken to exhaust administrative remedies
detailed by Plaintiff in the Complaint are meant to be
comprehensive and the Plaintiff has not, in fact, fully exhausted
all administrative remedies in accordance with the prison's inmate
grievance procedures, a failure to exhaust affirmative defense may
well turn out to be fatal to Plaintiff's claim.

[5]
Defendants support their motion to dismiss by attaching the
following matters outside the pleadings: (1) the affidavit of a
Delaware Department of Corrections legal services administrator
indicating that King failed to file a grievance related to the
allegations in his Complaint (Def.'s Br., Ex. B), and (2) the State
of Delaware Bureau of Prisons Procedure Manual, Chapter 4 (Def.'s
Br., Ex. A).

matters of public record." <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2007). The Court may also consider documents which are not physically attached to the pleadings but whose contents are alleged in the complaint and whose authenticity is not contested. <u>Pryor v. National Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002). In addition, documents the defendant attaches to a Rule 12(b)(6) motion, which are referred to in the plaintiff's complaint and are central to the claim, are considered part of the pleadings and therefore properly considered on a motion to dismiss. <u>Id.</u> Defendants' submissions in the present case were neither attached nor referred to in Plaintiff's Complaint and, thus, must be excluded on a Rule 12(b)(6) motion to dismiss.

Where such matters are relied upon, the Court must convert a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d). Rule 12(d) stipulates: "If on a motion under Rule 12(b)(6). . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

In addition, Rule 12(d) provides: "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Indeed, a district court's conversion of a motion under Rule 12(b)(6) into a motion for summary judgment is reversible error "unless the court provides notice of its intention to convert the motion and allows an opportunity to

submit materials admissible in a summary judgment proceeding or allows a hearing." Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). A lack of discovery may direct the Court against conversion. Aruanno v. Booker, Civ. No. 08-305, 2008 WL 5070540 at *3 (D.N.J. November 24, 2008) ("Given that the plaintiff is proceeding pro se and that no discovery has yet taken place, the Court looks only to the face of the complaint and evaluates the present motion under Fed. R. Civ. P. 12(b)(6).").

In the present case, Plaintiff's opposition brief does not address the issue of exhaustion of administrative remedies. Although Plaintiff's opposition alludes to the fact that he is currently in maximum security confinement, and that he hopes to prove the substance of his allegations that Defendants were deliberately indifferent to his safety, it does not appear Plaintiff needs discovery from Defendants to prove whether or not he fully exhausted all available administrative remedies. Plaintiff either followed the three-step Inmate Grievance Procedure outlined in the State of Delaware Bureau of Prisons Procedure Manual, Chapter 4, (Def.'s Br., Ex. A), or he failed to do so. Indeed, Plaintiff is in a position to demonstrate his compliance with this threshold requirement without the need for discovery, since he has personal knowledge of whatever grievance procedure and appeal process he has followed.

Therefore, the Court will convert this Rule 12(b)(6) motion to a motion for summary judgment under Rule 56 with respect to

the exhaustion issue only.  Plaintiff will be given a period of twenty-one (21) days to submit his opposition to Defendants' evidence that he failed to initially submit an inmate grievance pertaining to this incident and, furthermore, to exhaust the two levels of appeal stipulated under the Inmate Grievance Procedure before filing this case about conditions of his confinement, all as required under 42 U.S.C. § 1997(e).  Such opposition, under Rule 56(c)(1), must include admissible evidence, such as Plaintiff's affidavit and true copies of documents demonstrating that he exhausted his administrative remedies in accordance with grievance procedures and received a final denial.  Until this threshold issue is resolved, the Court will not address Defendants' remaining grounds for Rule 12(b)(6) dismissal.


**IV. CONCLUSION**

For the reasons set forth above, the Court converts, in part, Defendants' Rule 12(b)(6) motion to a motion for summary judgment under Rule 56.  However, the Court provides Plaintiff with an opportunity to submit opposition to Defendants' evidence attached to this motion.


**July 6, 2011**             **s/ Jerome B. Simandle**
Date                         Jerome B. Simandle
                             U.S. District Judge