IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WAYNE A. KING,

              Plaintiff,

    v.

SGT. JOHN DOE, et al.,

              Defendants.

Civil Action
No. 10-573 (JBS/AMD)

**OPINION**

APPEARANCES:

Wayne A. King
SBI# 274612
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947
    Plaintiff <u>Pro</u> <u>Se</u>

Ryan P. Connell
Deputy Attorney General
STATE OF DELAWARE DEPT. OF JUSTICE
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, Delaware 19801
    Attorney for the Defendants N. Hollingsworth and John Spray

**SIMANDLE**, District Judge:

# I.    INTRODUCTION

This matter came before the Court originally on the Defendants' motion to dismiss for failure to state a claim [Docket Item 19], arguing that Defendant had failed to exhaust available administrative remedies.  On July 6, 2011, the Court converted Defendants' motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 56 in an Opinion and Order, and gave Plaintiff the opportunity to oppose summary judgment by submitting admissible evidence that he had exhausted all

available administrative remedies prior to filing his Complaint in accordance with 42 U.S.C. § 1997e. Because the Court finds that Plaintiff has not pointed to evidence raising a dispute of fact that he fully exhausted his constitutional claim before filing his Complaint in this action, the Court will grant Defendants' converted motion for summary judgment for failure to exhaust.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff Wayne A. King was an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, when he filed this Complaint regarding an assault by fellow inmates. The facts alleged in Plaintiff's Complaint [Docket Item 2] and subsequent Amended Complaint [Docket Item 11] were previously detailed in this Court's July 6, 2011 Opinion. [Docket Item 30.] King v. Doe, Civ. No. 10-573, 2010 WL 2669221 at *1-2 (D.N.J., July 6, 2011). In brief, Plaintiff alleges that on July 10, 2008, he was assaulted by two other inmates while in custody as a pre-trial detainee at the JTVCC. He claims that this assault was the result of the deliberate indifference of the Defendant prison guards, who failed to protect him from his assailants, in violation of his Fourteenth Amendment rights. His pro se Complaint seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983.

On February 7, 2011, Defendants John Spray and N. Hollingsworth, Correctional Officers at the JTVCC, filed their motion to dismiss, which the Court converted into a motion for summary judgment because the Defendants assert the affirmative defense of failure to exhaust and rely on facts beyond those alleged in the Complaint. Specifically, Defendants attached the Procedure Manual chapter covering the Inmate Grievance Procedure (Defs.' Mot. Dismiss Ex. A) and an Affidavit of Michael Little, the Legal Services Administrator at the JTVCC, which states that in 2008, Plaintiff filed only two grievances with the Delaware Department of Corrections ("DOC"), and neither grievance addressed Plaintiff's alleged assault by other inmates. Id. Ex. B.

The Court's July 6 Order converting Defendants' motion gave Plaintiff an opportunity to respond in opposition to the entry of summary judgment by submitting admissible evidence that he had fully exhausted his claim prior to filing his Complaint. On July 20, 2011, Plaintiff submitted his evidence in opposition to Defendants' motion. [Docket Item 32.] In that submission, Plaintiff included a signed and notarized affidavit describing his efforts at exhaustion and attached three exhibits: (1) a Form #584 Grievance dated July 11, 2008 signed by Plaintiff (Ex. A), (2) a signed letter from Plaintiff addressed to "Internal Affairs" dated July 12, 2008 (Ex. B), and (3) a Delaware Superior

Court Docket Sheet providing record of the date Plaintiff posted bail and was presumably released (Ex. C).

Plaintiff's affidavit states that after his assault on July 10, 2008, he was moved to the special housing unit ("SHU") at the JTVCC. King Aff. ¶ 1. The next day, "Plaintiff wrote a grievance about the situation and kept a copy of the grievance." Id. ¶ 3; Pl.'s Ex. A. He was also told on that day by a Corrections Officer ("Lt. Peck") that "the incident was going to be handled by Internal Affairs." Id. Plaintiff wrote a letter the following day addressed to Internal Affairs asking about the outcome of their investigation. Id. ¶ 4; Pl.'s Ex. B. He learned, on July 14, 2008, from an Internal Affairs officer who came to interview Plaintiff at his cell in the SHU, that Plaintiff would not be charged with any disciplinary action as a result of the fight, but that Internal Affairs would not otherwise "disclose any information . . . because it's sealed information." Id. ¶ 5. Plaintiff posted bail later that day and was temporarily released from the Department of Corrections. Id. Plaintiff states that "the reason that the grievance was not on file is because he was released from the Department of Correction." Id. ¶ 6. He concludes by summarizing that he "did take the necessary steps to try to resolve this issue." Id. ¶ 7.

Plaintiff's attached exhibits include a docket sheet reporting that Plaintiff posted bail on July 14, 2008. Pls.' Ex. C. The Form #584 Grievance, dated July 11, 2008, reports that he

was assaulted, that he had previously informed a corrections officer that he "had problems with an inmate that was housed there", and that he had asked to speak to a lieutenant about it but was denied.  In the portion of the form marked "action requested by grievant", Plaintiff wrote "To know what was the outcome of I/A's investigation."  Pls.' Ex. A.  In Plaintiff's July 12, 2008 letter to Internal Affairs, he asked about the outcome of the investigation into the assault, including the identity of the individuals who had assaulted him.  Pls.' Ex. B.

## III. DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.

Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P.

56(c)(1)(A); <u>United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).

> [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

<u>Celotex</u>, 477 U.S. at 323.

However, the Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party.  <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999).  <u>See</u> <u>also</u> <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007) (The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.").

**B.  Exhaustion**

Defendants seek summary judgment against Plaintiff's § 1983 claim for failure to exhaust his available administrative remedies at JTVCC.  Plaintiff opposes summary judgment, claiming that he did exhaust his claim by writing a grievance.  For the following reasons, the Court concludes that there is no material

dispute in the record that Plaintiff did not fully exhaust his §
1983 claim because he did not appeal his grievance related to the
incident in question.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §
1997e, governs particular aspects of litigation by prisoners
during the period of their incarceration.  Specifically, §
1997e(a) establishes the requirement of administrative
exhaustion:

> [n]o action shall be brought with respect to
> prison conditions under section 1983  of this
> title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other
> correctional facility until such
> administrative remedies as are available are
> exhausted.

Id.  Plaintiff's claim falls within the ambit of the PLRA because
he seeks to challenge the conduct of prison officials and the
conditions of his confinement.  See Booth v. Churner, 206 F.3d
289, 294 (3d Cir. 2000) (holding that suits by prisoners
challenging "conditions of confinement or the effects of actions
by government officials on the lives of persons confined in
prison" fall within the restrictions of the PLRA).  Thus, before
filing suit, Plaintiff was required to exhaust any available
administrative remedies.  Mitchell v. Horn, 318 F.3d 523, 529 (3d
Cir. 2003).

"'[P]rison grievance procedures supply the yardstick' for
determining what steps are required for exhaustion."  Williams v.
Beard, 482 F.3d 637, 639 (3d Cir. 2007) (quoting Spruill v.

7

Gillis, 372 F.3d 218, 231 (3d Cir. 2004)).  Thus, to determine whether Plaintiff has raised a dispute over whether he exhausted available remedies, the Court will consider the applicable procedures at the JTVCC for exhausting a grievance.

Defendants attached to their motion the procedures required to fully exhaust a grievance.  Defs.' Ex. A.  Those procedures detail a three-level exhaustion procedure wherein an inmate initially files a grievance on a Form #584 to the DOC employee responsible for inmate grievances (the "Inmate Grievance Chair" or "IGC").  Inmate Grievance Procedure at 5.  The IGC then attempts to resolve the issue directly. If no resolution is offered, the inmate's grievance is "referred to Level II", which amounts to an investigation and hearing before a committee of staff and inmates, who make a recommendation to the Warden on an outcome.  Id.  The Warden then responds to the recommendation; if the Warden, the committee and the inmate all agree, the grievance is resolved.  Otherwise, the inmate must appeal the Warden's decision to the Bureau Grievance Officer, who then makes a recommendation to the Bureau Chief of Prisons, who then makes a final decision.  Id.  The procedure states that "[g]rievant appeals must be signed, dated and state the specific reasons on Form #584 Grievance Appeal."  Id. at 7.  "Grievants shall have 3 calendar days upon receipt of their copy of the Warden/Warden's Designee decision to appeal . . ."  Id.  The grievance procedures

do not explicitly require that the inmate/grievant identify specific defendants in the grievance form.

Plaintiff argues that he complied with the exhaustion requirement of § 1997e(a) because he filed a grievance regarding his assault one day after it occurred, and he posted bail and was released three days thereafter, apparently before he was able to follow up on his grievance.

Defendants counter that Plaintiff's affidavit does not state that he "filed" his grievance, merely that he "wrote" a grievance, and that therefore the record contains no dispute of fact that any grievance regarding Plaintiff's assault was ever filed with the DOC. The Court finds this argument unpersuasive. While Plaintiff's affidavit does not specifically say that he "filed" his grievance, he does say that, after he wrote it, he "kept a copy" thereby raising the reasonable inference that the original was filed. King Aff. ¶ 3. Thus, the Court concludes that there is a dispute of fact regarding whether Plaintiff submitted his grievance on July 11, 2008.

Defendants additionally argue that Plaintiff's grievance, even if filed on July 11, 2008 as Plaintiff claims, did not exhaust his § 1983 deliberate indifference claim because the grievance does not allege any misconduct on the part of the Defendants or name Defendants Spray or Hollingsworth. Plaintiff responds that his grievance did not identify the Defendants in

his grievance because he did not know their identities at the time he completed his grievance.

The Supreme Court has held that the PLRA itself does not establish the level of specificity that an inmate plaintiff must include to fully exhaust his or her claim. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Thus, the Supreme Court held, a federal court cannot require that an inmate name the individual defendants in his or her grievance to fully comply with the PLRA unless the grievance procedures at the relevant institution require that level of specificity. Id. ("As MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.")

The Third Circuit has, for example, interpreted the grievance procedures of the Commonwealth of Pennsylvania to require that a grievance identify specific defendants on pain of procedural default. Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004). The Circuit found that the language of the Commonwealth's Grievance System Policy specifically required the identification of the defendants later named in a civil suit, but also found that the language of the policy did not require that an inmate explicitly request money damages in the grievance in

order to pursue such relief after full exhaustion.  Id. at 233-34.

Turning to the Delaware Inmate Grievance Procedure supplied by Defendants, the Court can find no express requirement that the inmate identify specific individuals, as the Pennsylvania policy under consideration in Spruill did.  Similarly, the Delaware Policy likewise is silent on whether the Plaintiff must specify damages as a form of relief to properly exhaust such a claim. While the Form #584 does have a field that asks "Action Requested by Grievant", this would not seem to fulfill the mandatory requirement language deemed necessary in Jones and Spruill. Thus, the Court concludes that Defendants have not demonstrated that the Delaware Inmate Grievance Procedure requires a grievant specifically to identify defendants or demand specific relief in a grievance form to fully exhaust a § 1983 claim.

Additionally, to the extent that Defendants' argument is that Plaintiff's grievance is not sufficiently related to his § 1983 failure-to-protect claim, the Court is similarly unpersuaded.  "As long as there is a shared factual basis between the two, perfect overlap between the grievance and a complaint is not required by the PLRA."  Jackson v. Ivens, 244 F. App'x 508, 513 (3d Cir. 2007) (reversing entry of summary judgment by District Court of Delaware for failure to exhaust on the grounds that grievance complaining of medical treatment did not sufficiently raise "delay of treatment" claim).  In the instant

case, Plaintiff's grievance states that (1) he was assaulted by other inmates while in the JTVCC on July 10, 2008, (2) he had warned a corrections officer about the risk that he might be in danger of attack, (3) he had asked to speak to a superior officer about this risk and was denied. King Form #584, Ex. A. Thus, while Plaintiff does not spell out the precise words "failure to protect", his grievance has a "shared factual basis" with his Complaint.

However, the Court finds that Plaintiff has pointed to no evidence in the record that his grievance was fully exhausted through all required levels of appeal. The Inmate Grievance Procedure clearly states that a grievance is not final or fully resolved until either the grievant is satisfied with the result or the grievance has been denied by the Bureau Grievance Officer and the Bureau Chief of Prisons. The inmate's appeal "must be signed, dated and state the specific reasons on Form #584 Grievance Appeal" which "must be given to the IGC" within "3 calendar days upon receipt of their copy of the Warden/Warden's Designee decision". Inmate Grievance Procedure at 7, Defs.' Ex. A. See also Davis v. Williams, 354 F. App'x 603, 607 n.6 (3d Cir. 2009) (holding that Delaware Inmate Grievance Procedure requires compliance with procedures for appeal, and "[b]ecause Davis clearly did not exhaust administrative review on the claims raised in this suit, his suit was subject to dismissal for that reason, as well.").

In the instant case, the Affidavit of Michael Little, attached to Defendants' motion to dismiss, establishes that Plaintiff did not appeal any grievance related to his assault in July of 2008.  Defs.' Ex. B.  Plaintiff's affidavit and supporting exhibits do nothing to raise a dispute about this fact, as Plaintiff states that he was released from the JTVCC shortly after he wrote or filed his grievance, and he does not state that he subsequently pursued the grievance to finality. Indeed, in Plaintiff's Complaint, in the form section regarding exhaustion of administrative remedies, when asked "what steps did you take?" Plaintiff wrote simply "Filed a grievance" but makes no mention of appealing the result.  The Court therefore concludes that the claim was not exhausted because it did not comply with all relevant procedural requirements.  See Woodford v. Ngo, 548 U.S. 81, 93-97 (2006) (holding that grievance is not properly exhausted if not pursued through all available appeals.)

**IV.  CONCLUSION**

The Court has concluded that the undisputed facts in the record demonstrate that Plaintiff did not properly exhaust his available administrative remedy as required under 42 U.S.C. § 1997e(a) because he filed his Complaint in this action prior to appealing and fully exhausting his prison grievance form. Consequently, the Court will grant Defendants' motion for summary

judgment and dismiss the Complaint without prejudice.  The
accompanying Order will be entered.


**September 16, 2011**                    **_s/ Jerome B. Simandle_**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge