IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE A. KING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 10-573 (JBS/AMD) |
| v. | |
| | **OPINION** |
| SGT. JOHN DOE, et al., | |
| Defendants. | |

APPEARANCES:

Wayne A. King
SB# 274612
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947
    Plaintiff Pro Se

Ryan P. Connell, Deputy Attorney General
STATE OF DELAWARE DEPARTMENT OF JUSTICE
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, Delaware 19801
    Attorney for the Defendants N. Hollingsworth and John Spray


**SIMANDLE**, District Judge[1]:

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's motion for relief from judgment and reargument [Docket Item 39] of the Court's September, 16, 2011, Order granting Defendants' converted motion for summary judgment for failure to exhaust available

---

[1] Chief U.S. District Judge for the District of New Jersey, sitting by designation pursuant to 28 U.S.C. § 292(b).

1

administrative remedies as 42 U.S.C. § 1997e(a) requires.  The Court has considered all submissions and, for the reasons that follow, shall deny Plaintiff's motion for relief from judgment and reargument.

II.  **FACTS AND BACKGROUND**

Plaintiff Wayne A. King was an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, when he filed his Complaint regarding an assault by fellow inmates.  The facts surrounding this case were previously detailed in this Court's July 6, 2011 Opinion [Docket Item 30], King v. Doe, Civ. No. 10-573, 2011 WL 2669221, at *1-2 (D. Del. July 6, 2011), and augmented in this Court's September 16, 2011 Opinion [Docket Item 35], King v. Doe, Civ. No. 10-573, 2011 WL 4351797, at *1-2 (D. Del. Sep. 16, 2011).  Plaintiff claims that this assault was the result of the deliberate indifference of the Defendant prison guards, who failed to protect him from his assailants, in violation of his Fourteenth Amendment rights.

On September 16, 2011, this Court granted Defendants' converted summary judgment motion and "concluded that the undisputed facts in the record demonstrate[d] that Plaintiff did not properly exhaust his available remedy as required under 42 U.S.C. § 1997e(a) because he filed his Complaint . . . prior to appealing and fully exhausting his prison grievance form."  King,

2

2011 WL 4351797, at *6.  On October 4, 2011, Plaintiff submitted the instant motion for relief from judgment or order and reargument.  [Docket Item 39.][2]  On November 4, 2011, Defendants filed a response to Plaintiff's motion.  [Docket Item 45.]  On November 17, 2011, Plaintiff filed a reply to Defendants' response.[3]  [Docket Item 46.]  Plaintiff argues that "summary judgment should be rescinded" because Defendants' "evidence and arguments are contrary to the facts."  Pl.'s Mot. ¶¶ 2-4.

**III. DISCUSSION**

    **A.    Standard of Review**

Motions for reargument under Delaware Local Rule 7.1.5(a), are only "sparingly granted."  L. Civ. R. 7.1.5(a).  "A court

---

[2] On October 9, 2011, Plaintiff filed a notice of appeal to the Third Circuit of the Court's Order.  [Docket Item 42.]  On October 25, 2011, Plaintiff filed a motion with this Court to withdraw or stay the appeal pending resolution of his motion for reargument.  [Docket Item 44.]  On March 2, 2012, the Clerk of the Third Circuit terminated the appeal for failure to file an Affidavit of Poverty or pay the filing fee.  [Docket Item 47.]  Consequently, the Court will deny Plaintiff's motion to stay the appeal as moot.

[3] The Court doubts whether reply briefs are authorized under Local Civil Rule 7.1.5(a), governing reargument.  See Sonion Nederland BV v. Asius Technologies LLC, Civ. No. 11-0067, 2011 WL 6415497 at *1 n.4 (D. Del. Dec. 21, 2011) (concluding that Local Rule 7.1.5(a) does not permit submission of reply briefs without leave of the Court).  However, the Court, recognizing that Plaintiff is proceeding pro se, and noting that Defendants have not objected to the submission of the reply brief, has considered Plaintiff's reply brief in its consideration of the instant motion.

3

should only grant reargument when (i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties, or (iii) the court has made an error not of reasoning but of apprehension." BP Amoco Chem. Co. v. Sun Oil Co., 200 F. Supp. 2d 429, 432 (D. Del. 2002). The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Generally, a motion for reargument or reconsideration in this District is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). This Court has held that a motion for reconsideration under Federal Rule 59(e) may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. Flowers v. Schultz, Civ. No. 07-0045, 2007 WL 1186312, at *2 (D.N.J. Apr. 19, 2007); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Harsco Corp., 779 F.2d at 909.

"[M]otions for reconsideration or reargument 'shall be sparingly granted.'" Samuel v. Carroll, 505 F. Supp. 2d 256, 261

4

(D. Del. 2007) (citing L. Civ. R. 7.1.5(a)). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" Samuel, 505 F. Supp. 2d at 261 (quoting Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)).

**B. Analysis**

Plaintiff argues that reconsideration is warranted principally on the ground that it was impossible to fully exhaust his grievance because he was released from the JTVCC on August 14, 2008, after his initial grievance was filed but before it was fully exhausted. He further asserts that "[p]ursuant to the 4.4 Procedure[,] inmates cannot pursue the grievance process if they have been released from custody." Pl.'s Br. ¶ 2. In support of this contention, Plaintiff attaches a handwritten note from a "Perry B.", purportedly from the JTVCC Law Library, which states that "[o]nce you are released from the D.O.C. and you have a grievance pending, the grievance will be dropped if it was not heard or ruled on before you leave, nothing more you can do." Pl.'s Br. Ex. A.

Additionally, Plaintiff argues that even if his grievance had been fully considered on the merits, it would have been denied because he claims the grievance was one "involving staff"

5

and could not, therefore, be grieved, based on an attached statement from the JTVCC Grievance Office.  Pl.'s Br. Ex. B.[4]

Defendants oppose Plaintiff's motion on two grounds.  First, Defendants argue that "[b]ecause this Court has already correctly ruled that the Plaintiff had failed to file a grievance as required by the [§ 1997e(a)] . . . his Motion for Reargument [should] be denied."  Defs.' Response to Pl.'s Mot. ¶ 2.  However, this is incorrect.  To the contrary, this Court held in its September 16, 2011, Opinion "that there is a dispute of fact regarding whether Plaintiff submitted [i.e., filed] his grievance."  King, 2011 WL 4351797, at *4.  This was not the basis for this Court's summary judgment holding.  The Court, instead, granted summary judgment because it found no dispute of fact that Plaintiff had not fully exhausted the grievance procedures through all required levels of appeal.  Id. at *5-6.

Defendants also claim that "Plaintiff's argument that release from prison . . . excuses him from exhausting his administrative remedies is . . . disingenuous," because he "subsequently entered the correctional system again."  Defs.' Response to Pl.'s Mot. ¶ 3.  Defendants argue that "the fact that

---

[4] Plaintiff does not explain how his grievance regarding the alleged failure of the institution and its corrections officers to protect him adequately from other inmates would properly be deemed to be one "involving staff" and therefore not subject to the institution's grievance procedures.  However, as explained more fully below, this question is not material to the resolution of the motion.

he was released for approximately one day cannot possibly relieve him of his duty to exhaust his administrative remedies in this matter." Id.

The Court does not reach the issue of whether, on the merits, the requirement of full exhaustion would have been excused for Plaintiff because of his temporary release from the JTVCC, because the Court finds that Plaintiff raises this argument for the first time in his motion for reargument. Reconsideration is not properly granted on the basis of an argument presented for the first time on reargument. Samuel v. Carroll, 505 F. Supp. 2d 256, 261 (D. Del. 2007).

In his opposition to Defendants' converted motion for summary judgment, Plaintiff submitted an affidavit stating that "the reason that the grievance was not on file [and, presumably, not further pursued] [wa]s because he was released from the Department of Correction" after bail was posted. Pl.'s Affidavit ¶¶ 5-6. However, Plaintiff did not argue that his release automatically terminated his grievance, as he is presently arguing. The Court, in its original decision, scoured the available official institutional grievance policy and found no mention of any such procedure; Plaintiff did not at the time argue that one existed. That Plaintiff now argues on reconsideration that there is some sort of informal or otherwise undocumented policy of grievance termination is not a proper

7

ground for reconsideration.

The same reasoning applies to Plaintiff's second argument, that full exhaustion of his grievance was futile because it "involv[ed] staff." This argument was, similarly, not presented in his opposition to the motion for summary judgment, and is therefore not a proper basis for reconsideration now.

"A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Dunkley v. Mellon Investor Services, 378 F. App'x 169, 172 (3d Cir. 2010) (citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)). "'[A] motion for reargument may not be used to supplement or enlarge the record' on which the court made its initial decision." BP Amoco Chem. Co., 200 F. Supp. 2d at 432 (quoting Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc., 25 F. Supp. 2d 270, 292 (D.Del. 1998)).

Thus, because Plaintiff has not identified an error of law or fact, newly discovered evidence, or manifest injustice, and because the grounds asserted for reconsideration are raised for the first time on reargument, the Court concludes that reconsideration and reargument is not warranted. Accordingly, the Court will deny Plaintiff's motion.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reargument will be denied.

The accompanying Order will be entered.


**April 13, 2012**            **s/ Jerome B. Simandle**
Date                     JEROME B. SIMANDLE
                          United States District Judge